**Lillian TUCKER, Demetrio Carrion, Emma Carrion, Virginia Cruz, individually and on behalf of all others similarly situated, Concerned Citizens of Hardee County, Inc., Plaintiffs–Appellants,**

**v.**

**Anita Booth ATWOOD, County Supervisor for Hardee County, Florida, for the Farmers' Home Administration, Mitchell Drew, State Director in the State of Florida for the Farmers' Home Administration, and Clayton K. Yeutter, Secretary of the United States Department of Agriculture, Defendants–Appellees.**

**No. 88–3880.**

United States Court of Appeals, Eleventh Circuit.

Aug. 21, 1989.

Robert T. Connolly, Florida Rural Legal Services, Inc., Bartow, Fla., for plaintiffs-appellants.

Dennis Moore, Asst. U.S. Atty., U.S. Atty's. Office, Tampa, Fla., for defendants-appellees.

Before HILL and EDMONDSON, Circuit Judges and GARZA\*, Senior Circuit Judge.

PER CURIAM:

Appellants challenge regulations of the Farmers Home Administration ("FmHA") on several grounds. Although we affirm the judgment of the district court largely on the basis of that court's opinion, we write for ourselves on the adequacy of notice of proposed regulations.

Under the Administrative Procedure Act, 5 U.S.C. Sec. 553(b) (1982) ("APA"), notice of rule making is sufficient if it provides a description of the subjects and issues involved. *Du Pont de Nemours v. Train*, 541 F.2d 1018, 1027 (4th Cir.1976), *aff'd in part and rev'd in part*, 430 U.S. 112, 97 S.Ct. 965, 51 L.Ed.2d 204 (1977); *California Citizens Band Association v. United States*, 375 F.2d 43 (9th Cir.), *cert.*

---

\* Honorable Reynaldo G. Garza, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

*denied,* 389 U.S. 844, 88 S.Ct. 96, 19 L.Ed. 2d 112 (1967); *see Lloyd Nolan Hosp. & Clinic v. Heckler,* 762 F.2d 1561 (11th Cir. 1985). The pertinent proposed regulations were published in June 1984, a year before the regulations were finally adopted. A look at these regulations (in pertinent part, the proposal and the final version were the same) shows that private-sector brokers must comply with affirmative fair housing marketing plans only under certain circumstances.

Appellants complain that this provision relaxes previously existing standards and stress that the proposed rules failed to mention this relaxation specifically. The APA requires no more than " ... a description of the subjects and issues involved." 5 U.S.C. Sec. 553(b)(3) (1982). In addition to publishing the text of the proposed rules, the FmHA published a description of the proposals, which states "[that the regulations] ... (j) Redefine[ ] circumstances requiring use of an Affirmative Fair Housing Marketing Plan." 49 Fed.Reg. 23,359, 23,-360 (1984). This statement describes the subjects and issues involved and therefore gives adequate notice.

AFFIRMED.